**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| | *   Case No. 17-po-11185 |
| **v.** | * |
| | * |
| **MYUNGSUN K. BELL,** | * |
| | * |
| **Defendant** | * |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion for Expungement (ECF No. 7) seeking to expunge from her criminal record her dismissed charge of shoplifting at the Army and Air Force Exchange Service in Fort Meade, Maryland, in violation of Md. Code Ann., Crim. Law § 7-104, as assimilated under 18 U.S.C. § 13. Defendant seeks expungement because

> [i]n early December 2019, [she] applied for a job with State Farm Insurance, but was questioned of her past shoplifting charge. Since then, the potential employer stopped communicating with Defendant. Defendant believes her application for employment has been denied without any further consideration. In order to enable the Defendant to get a job suitable to her needs, the criminal record needs to be expunged. The founding of this country was based on the belief that each individual had the right to life, liberty, and the pursuit of happiness. Having such a taint on Defendant's record violates America's founding philosophy. Defendant's inability to pursue a career will continuously violate Defendant's basic constitutional rights until such taint is lifted from her records.

Def.'s Mot. ¶ 6, ECF No. 7. The Government filed no opposition. No hearing is necessary. L.R. 105.6.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to

the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). "'Ancillary' jurisdiction applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *United States v. Mettetal*, 714 F. App'x 230, 233 n.1 (4th Cir. 2017) (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)); *see Mettetal*, 714 F. App'x at 234.

Neither circumstance applies to petitions for equitable expungement, however. *Mettetal*, 714 F. App'x at 235. First, "a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the facts underlying Defendant's dismissed charge are not interdependent with any equitable circumstances that she may claim justify expungement. *See Mettetal*, 714 F. App'x at 235 ("Here, the reasons Mettetal gives to support his petition for equitable expungement [of his criminal record of his arrest and overturned convictions] are that he has not run afoul of the law since he was arrested in 1995 and that his criminal record has had adverse professional and personal consequences. These matters, however, arose after he was arrested and involve facts quite separate and distinct from the criminal proceedings themselves. As such, Mettetal's petition is not 'interdependent' with anything that was properly before the

federal court. It therefore 'requires its own basis for jurisdiction.'" (quoting *Kokkonen*, 511 U.S. at 378)); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016).

Second, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court*. Equitable expungement is not needed to enable the court to 'manage its proceedings' for the simple reason that the criminal proceedings are over." *Wahi*, 850 F.3d at 302 (citing *Kokkonen*, 511 U.S. at 380). "Nor is expungement authority needed to enable the court to 'vindicate its authority' or 'effectuate its decrees.'" *Id.* (citing same). Moreover, "[e]quitable considerations which arise after the termination of court proceedings do not operate to vitiate decrees that went into effect years earlier." *Mettetal*, 714 F. App'x at 235; *see Doe*, 833 F.3d at 198. Thus, *Kokkonen*'s second prong is not satisfied.

In short, "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case." *Wahi*, 850 F.3d at 302-03; *see Mettetal*, 714 F. App'x at 235. Defendant's Motion for Expungement of her dismissed charge from her criminal record is, therefore, **DISMISSED** for lack of jurisdiction.

Date: January 22, 2020               /s/
                                     Thomas M. DiGirolamo
                                     United States Magistrate Judge